UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RAYMOND CHESTNUT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:17-cv-00020-RLM-MJD |
| ) | |
| CHARLES DANIELS, ) | |
| ) | |
| Respondent. ) | |

**ENTRY DENYING POST-JUDGMENT MOTION**

This disciplinary habeas action relating to Report No. 2798660 was dismissed and Judgment entered on August 27, 2018. On September 13, 2018, the petitioner filed a motion to alter or amend judgment under Rule 59(e).

To receive relief under Rule 59(e), the moving party "must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013) (internal quotation omitted). A "manifest error" means "the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Stragapede v. City of Evanston, Illinois,* 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted). Relief through a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Runnion ex rel. Runnion v. Girls Scouts of Greater Chicago,* 786 F.3d 510, 521 (7th Cir. 2015) (internal quotation omitted). A Rule 59(e) motion does not allow a party to "advance arguments that could and should have been presented to the district court prior to the judgment." *United States v. Resnick,* 594 F.3d 562, 568 (7th Cir. 2010).

The petitioner argues that the court dismissed this action without prejudice because he didn't complete the administrative remedy process. He wants to submit new evidence because the case wasn't dismissed with prejudice. The petitioner is simply incorrect in how he characterizes the dismissal of this case. Although the respondent did raise the defense of failure to exhaust administrative remedies, the court nonetheless decided the case on the merits. Dkt. 38 at 9. The action was dismissed *with* prejudice.

The petitioner's additional argument, that his cell-mate Jamar Saunders has accepted ownership of the razor blade found in their cell, is misplaced. This disciplinary proceeding involved a razor blade found in a cell in which the petitioner and another inmate, Wolters, were housed.

For these reasons, the petitioner has failed to establish any manifest error. His Rule 59(e) motion, dkt. [40], is **denied.**

**IT IS SO ORDERED**.

Date:  November 19, 2018

/s/ Robert L. Miller, Jr.
Judge, United States District Court
For the Southern District of Indiana
Sitting by designation

Distribution:

RAYMOND CHESTNUT
13465-171
USP BIG SANDY
Inmate Mail/Parcels
P.O. BOX 2068
INEZ, KY 41224

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov